IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JERRY CHAPMAN, individually and On Behalf of All Others Similarly Situated**, § § § § Plaintiff, § v. § **COMMONWEALTH LAND TITLE INSURANCE COMPANY**, § § § § Defendant. § | § § § § § § Civil Action No. **3:09-CV-0188-L** § § § § § |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff's Motion for Class Certification, filed August 16, 2010; and Defendant's Motion for Summary Judgment, filed August 16, 2010. After carefully considering the motion, response, reply, and applicable law, the court **grants in part** Defendant's Motion for Summary Judgment, **dismisses without prejudice** Plaintiff's state law claims, and **denies as moot** Plaintiff's Motion for Class Certification.

**I.     Factual Background**

Plaintiff Jerry Chapman ("Chapman" or "Plaintiff") filed his Original Complaint ("Complaint") against Defendant Commonwealth Land Title Insurance Company ("Commonwealth" or "Defendant") on January 29, 2009. Plaintiff's Complaint asserts claims of money had and received, unjust enrichment, violations of 12 U.S.C. § 2607(b) of the Real Estate Settlement Procedures Act ("RESPA"), and breach of implied contract.

Plaintiff brings this putative class action suit alleging that Defendant improperly charged him an unearned fee of $260.50 for lender title insurance in connection with the refinancing of his

**Memorandum Opinion and Order- Page 1**

mortgage loan. Plaintiff alleges that in December of 2002, he obtained a mortgage loan on his home from Lonestar Residential Lending in the principal amount of $148,000 (the "first loan"). Following closing, the lender required Plaintiff to purchase a lender title policy in the amount of the note on his home. Plaintiff refinanced the first loan on September 12, 2007 (the "refinance loan"). Plaintiff obtained the refinance loan from JP Morgan Chase Bank, N.A. ("Chase") in the principal amount of $165,749. At closing, Plaintiff was required to purchase a lender title policy issued by Defendant, which insured Chase. Plaintiff was required to pay a premium of $1,303.45 to Commonwealth for the lender title policy.

Plaintiff contends that because the reissue lender title policy was issued fewer than five years after the date of the prior loan, under Texas law, Defendant was required to discount ("discount" or "R-8 credit") the basic premium charge for the reissue policy. Plaintiff maintains that the payoff on the mortgage was $137, 204.53. The title agent recorded a Release of Lien, identifying the prior mortgage in the Deed Records of Dallas County, Texas, which acknowledged that the prior loan had been paid in full. The title agent allegedly charged Plaintiff $24 to record the release. The Basic Rate premium in effect at the time based upon the payoff balance was $1,042. Chapman contends that he was entitled to a discount equal to 25% of that amount, a total of $260.50. Plaintiff alleges that he was not given the discount. Consequently, Plaintiff alleges that he was charged an allegedly unearned fee of $260.50 for lender title insurance. Chapman argues that Defendant did not perform any services to earn the $260.50 fee. Plaintiff contends that the allegedly illegal unearned premium was split between Commonwealth, the title agent that issued the policy, and the fee attorney that assisted with closing the transaction.

Commonwealth contends that there is no genuine issue of material fact as to any of Plaintiff's claims and that it is entitled to judgment as a matter of law. Because the court determines that Plaintiff's RESPA claim is time-barred, it will grant summary judgment as to that claim, and will dismiss without prejudice Plaintiff's state law claims.

## II. Legal Standard for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment

evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

III. Analysis

    A. **RESPA Claim**

        1. **Introduction**

RESPA was enacted in 1974 "to ensure that real estate consumers are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices." *Snow v. First Am. Title Ins. Co.,* 332 F.3d 356, 358 (5th Cir. 2003) (internal quotation marks omitted) (citing 12 U.S.C. §

2601(a)). Plaintiff contends that Defendant, by overcharging the premium and splitting the unearned portion, violated § 2607(b), which states: "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b).* Plaintiff asserts that because Defendant illegally overcharged for the premium, the unearned amount cannot be for services actually performed.

### 2. Statute of Limitations Under RESPA

For private individuals bringing a cause of action under § 2607(b), a one-year statute of limitations begins to run on the date of the occurrence of the violation. 12 U.S.C. § 2614. According to the Fifth Circuit, "the date of the occurrence of the violation" refers to "the closing, i.e., when the plaintiffs paid for the insurance." *Snow,* 332 F.3d at 359. Neither Plaintiff nor Defendant disputes that the closing date is outside the applicable statute of limitations period for the RESPA claim.

### 3. Whether Equitable Tolling is Available for RESPA Claimants

Defendant contends that Plaintiff's RESPA claim is time-barred. Specifically, Defendant argues that pursuant to 12 U.S.C. § 2614, Plaintiff's claim under Section 8 of RESPA is barred because Plaintiff did not file the Complaint within one year of the alleged violation. Defendant further alleges that the doctrine of equitable tolling is inapplicable because it "applies only in 'rare and exceptional' circumstances." Def.'s Summ. J. Br. at 29. (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). Plaintiff responds that even though he did not file the Complaint within

---

*Pursuant to 12 U.S.C. § 2602(3), a "settlement service" includes title insurance.

**Memorandum Opinion and Order- Page 5**

one year of the alleged violation, the doctrine of equitable tolling should apply to preclude summary judgment. Plaintiff contends that the evidence raises fact issues as to the application of equitable tolling, and, thus, summary judgment is inappropriate. To support his assertion, Plaintiff points to evidence that "Defendant's representative acknowledged that an average consumer is unsophisticated and would not know the R-8 credit was available, how to calculate the credit or be able to calculate the credit." Pl.'s Summ. J. Resp. at 37. Defendant replies that Plaintiff has failed to present a fact question. Defendant contends that "it is well-settled that equitable tolling is not warranted merely because a petitioner is not well-versed in the law." Def.'s Summ. J. Reply at 21 (citing *Poe v. First Franklin Financial Corp.,* Case No. 4:06-cv-432, 2007 U.S. Dist. LEXIS 76110, at *8 (E.D. Tex. Sept. 28, 2007) ("[I]gnorance of the law or statute of limitations is insufficient to warrant tolling.")).

The Fifth Circuit has not determined whether equitable tolling applies to a RESPA claim. *See Snow*, 332 F.3d at 361 (stating that "Plaintiffs have not raised, and [the Fifth Circuit] therefore express[es] no opinion on, the question of whether § 2614 is subject to equitable tolling.") The court's research did not reveal that the Fifth Circuit has addressed this issue since *Snow.*

The Fifth Circuit has applied equitable tolling in the context of habeas cases and employment discrimination cases. In the context of habeas cases, this circuit has held that equitable tolling "is permitted only 'in rare and exceptional circumstances.'" *U.S. v. Petty,* 530 F.3d 361, 364 (5th Cir. 2008) (quoting *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). With respect to employment cases, this circuit recognizes three possible grounds for equitable tolling: (1) "the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the [plaintiff being misled] about his rights." *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 880 (5th

Cir. 2003) (citations omitted). In both contexts, the person seeking to invoke equitable tolling, bears the burden of showing that it should be applied. *Petty,* 530 F.3d at 365; *Manning,* 332 F.3d at 880. With respect to employment cases, the Supreme Court has stated that equitable doctrines such as tolling or estoppel "are to be applied sparingly." *Ramirez,* 312 F.3d at 183 (citing *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

### 4. Applying Equitable Tolling to this Case

As previously stated, the parties do not dispute that the statute of limitations period for the RESPA claim has passed. Because there is no dispute that the statute of limitations has run, the question that the court must resolve is whether the doctrine of equitable tolling applies in this case.

The court assumes, *but does not decide*, that equitable tolling applies to a RESPA claim. Having made this assumption, the court does not believe that Plaintiff has met his burden in establishing that the doctrine of equitable tolling should apply. Chapman's argument that the statute of limitation should be tolled because he was unaware of the R-8 credit is misplaced. *See Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir. 2000) (holding that "ignorance of the law . . . generally does not excuse prompt filing."); *Lookingbill v. Cockrell,* 293 F.3d 256, 264 (5th Cir. 2002) (holding that "'a garden variety claim of excusable neglect' by the petitioner does not support equitable tolling.") Chapman contends that he was not provided the documents and that he was misled as to whether he was entitled to the credit. Defendant counters that Plaintiff never made such a request. Def.'s Reply at 20. Nothing in the record indicates or establishes that Plaintiff made such a request and was refused. Moreover, nothing in the record establishes that Chapman was precluded from making such a request. The court does not believe, on the state of the record, that these are the type of facts that present "rare and exceptional" circumstances as required by *Petty*. Further, Chapman has failed to

present competent summary judgment evidence that fact questions exist as to any of the three recognized grounds for equitable tolling as applied in employment cases: a pending suit between him and Commonwealth, intentional concealment of any facts, or evidence that Commonwealth misled him about his rights.

Although he has alleged that "Defendant concealed information regarding the lender title insurance premiums and actively misled Plaintiff and the class," Pl.'s Compl. ¶ 30, at the summary judgment stage, Plaintiff as the nonmoving party must come forward with more than mere allegations or unsupported statements. The nonmoving party must submit competent summary judgment evidence that raises a genuine issue of material fact. Plaintiff fails in this regard. Commonwealth has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Accordingly, Commonwealth is entitled to summary judgment on Chapman's RESPA claim.

In asserting that equitable tolling should apply, Plaintiff relies heavily on *Ahmad v. Old Republic Nat'l Title Ins. Co.,* 3:08-cv-229-P (N.D.T.X. Aug, 14, 2008), a ruling by United States District Court Judge Jorge A. Solis of the Northern District of Texas. This court does not disagree with the ruling issued by Judge Solis. The facts of this case and its posture, however, distinguish it from *Ahmad.* In *Ahmad,* Judge Solis addressed a motion to dismiss for failure to state a claim upon which relief can be granted, whereas in this case the court is addressing a motion for summary judgment. Courts are reluctant to dismiss an action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, which is based solely on the pleadings. As set forth in the court's summary judgment standard, the parties must meet their respective burden. Although the court stated in its January 19, 2010, Scheduling Order that only class-related discovery could be initially

conducted, Plaintiff has not at any time requested a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure to obtain further discovery to respond to Defendant's Motion for Summary Judgment, or requested the court to modify any relevant provision of its scheduling order regarding discovery. Plaintiff is aware of his burden under a Rule 56 motion. He has indicated in no way that he lacks sufficient evidence to raise a genuine issue of material fact regarding Defendant's summary judgment motion, and the court will not presume that such evidence is lacking. In sum, the court does not believe that extraordinary circumstances exist in this case for Plaintiff to invoke the doctrine of equitable tolling.

### B.  State Law Claims

The court determines that a Texas state court is the best venue to determine Plaintiff's remaining claims. No federal claims remain in this action. Plaintiff's remaining claims are for money had and received, breach of implied contract, and unjust enrichment, all of which are state law claims. Each of these claims requires the court to analyze state law. Ordinarily, these type of claims should be handled by a state court when no federal claims remain. Texas state courts are normally in the best position to analyze their own laws and regulations. The court, having considered the principles of economy, fairness, convenience, and comity, determines that there is no reason for it to retain jurisdiction of this action. *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1998); *Batiste v. Island Records, Inc.,* 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied,* 528 U.S. 1076 (2000). Accordingly, the court determines that it should dismiss Plaintiff's state law claims without prejudice so that they can be addressed in a state court.

## IV. Conclusion

For the reasons herein stated, the court determines that Chapman has failed to raise a genuine issue of material fact as to the doctrine of equitable tolling regarding the statute of limitations on his RESPA claim, and Commonwealth is entitled to judgment as a matter of law on this claim. Accordingly, the court **grants** Defendant's Motion for Summary Judgment with respect to Plaintiff's RESPA claim; **dismisses with prejudice** Plaintiff's RESPA claim; **dismisses without prejudice** Plaintiff's claims for money had and received, unjust enrichment, and breach of implied contract, pursuant to 28 U.S.C. § 1367(c)(3); and **denies as moot** Plaintiff's Motion for Class Certification in light of its rulings herein made.

**It is so ordered** this 28th day of February, 2011.

Sam A. Lindsay
United States District Judge