IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERRY CHAPMAN, Individually** | § | |
| **and On Behalf of All Others Similarly** | § | |
| **Situated**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:09-CV-0188-L** |
| | § | |
| **COMMONWEALTH LAND TITLE** | § | |
| **INSURANCE COMPANY**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Reconsideration of Summary Judgment and to Vacate, Amend, or Alter Order, filed March 28, 2011. After carefully considering the motion, response, reply, record, and the applicable law, the court **grants in part** and **denies in part** Plaintiff's Motion for Reconsideration of Summary Judgment and to Vacate, Amend, or Alter Order as herein stated.

## I.     Background

Plaintiff Jerry Chapman ("Chapman" or "Plaintiff") filed this putative class action lawsuit against Defendant Commonwealth Land Title Insurance Company ("Commonwealth" or "Defendant") on January 29, 2009. Plaintiff's Original Complaint (the "Complaint") asserts claims of money had and received, unjust enrichment, violations of 12 U.S.C. § 2607(b) of the Real Estate Settlement Procedures Act ("RESPA"), and breach of implied contract.

The court issued its memorandum opinion and order, and entered judgment on February 28, 2011. The court determined that Chapman failed to raise a genuine issue of material fact as to the

doctrine of equitable tolling regarding the statute of limitations on his RESPA claim.  Further, the court, applying principles of comity, determined that there was no reason for it to retain jurisdiction over Plaintiff's state law claims and dismissed the claims without prejudice.  Plaintiff now asks the court to alter or amend its February 28, 2011 memorandum opinion and order, and judgment dismissing his lawsuit.

## II.    Legal Standard for a Rule 59(e) Motion

Plaintiff styles his postjudgment motion as a "Motion for Reconsideration."  "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba." Ford v. Elsbury,* 32 F.3d 931, 937 n.7 (5th Cir. 1994).  The Fifth Circuit has consistently stated, however, "that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment under Rule 60(b).'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted).  Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.,* 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted).  It may not be used to relitigate issues that were resolved to the movant's dissatisfaction.  *Forsythe v. Saudi Arabian Airlines Corp*., 885 F.2d 285, 289 (5th Cir. 1989).  A Rule 59(e) motion may not raise arguments or present evidence that could have been raised  prior to entry of judgment.  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted).  When considering a Rule 59(e) motion to reconsider, a court may

not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III.  Analysis

In Plaintiff's motion for reconsideration, he argues that the court's memorandum opinion and order, and judgment, should be vacated with respect to the RESPA claim.[1] Plaintiff also argues that the court erred when it dismissed his state law claims because independent subject matter jurisdiction existed over those claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)(A) ("CAFA").

---

[1]The parties have never disputed that the statute of limitations expired prior to the filing of the instant lawsuit.

**Memorandum Opinion and Order- Page 3**

## A.    RESPA Claim

Chapman contends that the court erred when it dismissed his RESPA claim because summary judgment may not be granted on grounds raised for the first time in reply.  Specifically, Plaintiff contends that in Defendant's summary judgment motion, Defendant did not present any facts to show that Plaintiff discovered his claim before the statute of limitations expired and, thus, was precluded from asserting equitable tolling. Plaintiff also contends that he created a fact issue in his response concerning the discoverability of his claims.  Plaintiff further contends that he did not file a surreply to address the new arguments in Defendant's reply because the court, in its scheduling order, cautioned the parties to not file extraneous evidence and that surreplies were strongly disfavored.  Plaintiff argues that "to the extent the motion should be read to raise the issue of Plaintiff's diligence in reviewing files (which it did not), or actual discovery of the claim (which it did not), Plaintiff respectfully requests the [c]ourt to consider the Chapman Declaration submitted herewith." Pl.'s Mot. at 9.

Defendant responds that Plaintiff is simply reasserting arguments previously made in its summary judgment response, and, thus, is not entitled to Rule 59(e) relief.  Defendant further contends that the court should not consider Plaintiff's declaration because it contains evidence that was well within his knowledge prior to the time of the court's entry of judgment.  In reply, Chapman contends that Defendant's motion for summary judgment did not give rise to an obligation to present evidence of the nature supplied in the Chapman declaration.

The court has reviewed the parties' arguments and its February 28, 2011 memorandum opinion and order.  It agrees with Commonwealth. The arguments advanced by Chapman in his motion for reconsideration are improper under Rule 59(e).  Plaintiff's arguments are flawed for

several reasons.  First, Plaintiff misstates the context of the summary judgment briefing.  Defendant did not raise the issue of equitable tolling for the first time in its reply. Defendant raised the issue of equitable tolling in its motion for summary judgment brief. In Defendant's summary judgment brief, Defendant argued that Plaintiff's RESPA claim was time-barred and that equitable tolling did not apply in this case. Def.'s Summ. J. Br. at 29.  The court is troubled that Plaintiff would make such an argument that has no basis.

Moreover, Plaintiff's argument fails because he misstates and misapplies the legal standard for summary judgment. Plaintiff contends that Defendant did not come forward with facts negating the doctrine of equitable tolling. Contrary to Plaintiff's argument, in the summary judgment context, the moving party does not have the initial burden to come forward with specific facts negating the nonmoving party's claim.  The moving party only has to make an initial showing that there is no evidence to support the nonmoving party's case.  The party opposing the motion must *then* come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  As Plaintiff was duly put on notice regarding equitable tolling, Defendant was not required to present any specific facts concerning equitable tolling.  It was Plaintiff's burden to come forward with competent summary judgment evidence to establish a genuine dispute as to equitable tolling.  For the reasons stated in the court's February 28, 2011 memorandum opinion and order, Plaintiff failed to carry his summary judgment burden.[2]  For the reasons stated herein and in the courts' memorandum opinion and order, Defendant is entitled to judgment as a matter of law.

---

[2]In any event, *Plaintiff* carries the burden of presenting facts to establish equitable tolling. *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 880 (5th Cir. 2003). As stated in the court's February 28, 2011 memorandum opinion and order, Plaintiff failed to carry his burden to invoke equitable tolling.  Contrary to his contention, Plaintiff did not present evidence that supported his theory of concealment.

**Memorandum Opinion and Order- Page 5**

Second, Plaintiff's argument is flawed because he urges the court to relitigate issues that were resolved to his dissatisfaction and he presents evidence that *could* have been introduced prior to the entry of judgment.   In Plaintiff's motion for reconsideration, he presents a declaration supporting his request for equitable tolling of the RESPA claim. As previously stated, the court analyzed and rejected Plaintiff's equitable tolling arguments in its February 28, 2011 memorandum opinion and order, and thus, will not rehash those arguments. Moreover, the court will not consider Chapman's declaration because it contains facts that were well within his knowledge prior to the time of the court's entry of judgment.   *Templet,* 367 F.3d at 478-79 (holding that a Rule 59(e) "motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment) (citations omitted).

Last, Plaintiff's argument regarding the filing of a surreply is flawed because he misinterprets the instructions of the scheduling order. Chapman contends that the court's January 19, 2010 scheduling order ("scheduling order") dissuaded him from filing a surreply. The relevant part of the scheduling order states:

> **Surreplies:** Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant.  *See* Local Civil Rule 7.1.  Thus, the movant is entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. Consequently, a party must not seek leave to file a surreply as a routine matter.

Ct.'s Scheduling Order at 3, ¶ 4.  This language does not bar the filing of a surreply.  The court simply made its position clear that surreplies were not to be filed as a routine matter and that

**Memorandum Opinion and Order- Page 6**

exceptional or extraordinary circumstances had to exist to justify their filing.  If Plaintiff thought

such circumstances existed, he should have sought leave to file a surreply.  That he did not was a

choice he made, and the court is not responsible for the legal strategies and tactics that Plaintiff

elects to pursue.

Accordingly, the court determines that no manifest error of law or fact is present, that no

newly discovered evidence has been presented, and that there has been no intervening change in the

controlling law.  Therefore, the court **denies** Plaintiff's Motion for Reconsideration of Summary

Judgment and to Vacate, Amend, or Alter Order with respect to Plaintiff's RESPA claim.

### B.    State Law Claims

Plaintiff contends that the court erred in dismissing his state law claims because independent

subject matter jurisdiction exists over those claims pursuant to CAFA.  CAFA states in relevant part:

> district courts shall have original jurisdiction of any civil action in
> which the matter in controversy exceeds the sum or value of
> $5,000,000, exclusive of interest and costs, and is a class action in
> which (A) any member of a class of plaintiffs is a citizen of a State
> different from any defendant.

28 U.S.C. § 1332(2)(A).  In response, Defendant "does not dispute Plaintiff's [] contention- that the

[c]ourt has CAFA jurisdiction even if his RESPA claim is dismissed." Def.'s Resp. at 1.  Plaintiff

is correct.  The court erred when it dismissed Plaintiff's state law claims and apologizes for this

oversight.  As the court has subject matter jurisdiction pursuant to § 1332(2)(A), it **vacates** that

portion of its memorandum opinion and order, and judgment, dated February 28, 2011, dismissing

Plaintiff's state law claims.

**Memorandum Opinion and Order- Page 7**

IV.     **Conclusion**

For the reasons herein stated, the court **denies** Plaintiff's Motion for Reconsideration of Summary Judgment and to Vacate, Amend, or Alter Order with respect to Plaintiff's RESPA claim. Further, the court **grants** Plaintiff's Motion for Reconsideration of Summary Judgment and to Vacate, Amend, or Alter Order to the extent that its February 28, 2011 memorandum opinion and order, and judgment, dismissed Plaintiff's state law claims of money had and received, unjust enrichment, and breach of implied contract. The court **reinstates** these claims and **directs** the clerk of the court to **reopen** this action.  The court will address Defendant's Motion for Summary Judgment by separate document.

**It is so ordered** this 1st day of September, 2011.

Sam A. Lindsay
United States District Judge